# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40460
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN BECERRA; JUAN PEDRO BECERRA, JR.,

Defendants-Appellants

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-728-2

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

The sole issue in this appeal is whether the evidence presented at the joint trial of brothers Adrian Becerra and Juan Pedro Becerra, Jr. was sufficient to support their convictions for conspiracy to transport undocumented aliens and aiding and abetting the transport of an undocumented alien in violation of 8 U.S.C. § 1324. On appeal, the defendants argue that the evidence failed to prove that they either knew of or recklessly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disregarded the presence of eight undocumented aliens discovered hiding inside the cab of the tractor-trailer in which Juan, the driver, and Adrian, the passenger, were riding.  *See* 8 U.S.C. § 1324(a)(1)(A)(ii), (iv)(I)-(II).

Because neither defendant moved for a judgment of acquittal on the relevant counts of the indictment, we review their sufficiency claims for plain error.  *See United States v. Delgado*, 672 F.3d 320, 328, 330–31 & n.9 (5th Cir. 2012); *Puckett v. United States*, 556 U.S. 129, 135 (2009).  On plain error review, a sufficiency of the evidence claim "will be rejected unless the record is *devoid of evidence* pointing to guilt or if the evidence is so tenuous that a conviction is shocking." *Delgado*, 672 F.3d at 331 (quoting *United States v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007)). To prove a conspiracy to transport undocumented aliens, the evidence must establish, relevantly, that the defendants agreed with one or more persons to transport undocumented aliens inside the United States in furtherance of their unlawful presence knowingly or in reckless disregard of the fact that their presence in the United States was unlawful. *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013).

We find that the record contains sufficient evidence to establish that the defendants either knew of or recklessly disregarded the fact that they were transporting undocumented aliens.  *See Delgado*, 672 F.3d at 331; *Chon*, 713 F.3d at 818.  The Border Patrol agent who initially encountered the defendants became suspicious due to Juan's nervous behavior and odd responses to routine questions.  Agents subsequently found eight undocumented aliens hidden in the compact sleeper compartment of the cab of the defendants' truck, less than two feet from where the defendants were seated.  A Border Patrol agent who entered the cab prior to the aliens' removal detected a very strong odor of human sweat, which he testified is commonly associated with the concealment of illegal aliens.  Moreover, the defendants and the aliens travelled in the same

small space for roughly an hour prior to reaching the Border Patrol checkpoint. Viewed in the light most favorable to the verdict, the evidence supports a rational finding that the defendants were aware of the aliens' presence inside the truck. *See Delgado*, 672 F.3d at 331–32.

Additional evidence supports the defendants' conspiracy convictions. One of the aliens testified at trial that after entering the United States illegally he was directed to a remote and unlit alfalfa field, where he got into the truck through the passenger-side door. The alien heard both cab doors close, and the truck drove nonstop until it reached the Border Patrol checkpoint. The alien's testimony, which the jury evidently believed, contradicted the defendants' accounts that their only stop on the night in question was on a well-lit street lined with houses. *See United States v. Mendoza*, 522 F.3d 482, 489 (5th Cir. 2008) (holding that this court "will not second-guess the jury's decision"). Thus, the trial evidence sufficed to prove, at least circumstantially, the existence of a voluntary conspiracy between the defendants to transport undocumented aliens. *See, e.g.*, *United States v. Thomas*, 690 F.3d 358, 366 (5th Cir. 2012); *United States v. Bieganowski*, 313 F.3d 264, 277 (5th Cir. 2002); *United States v. Martinez*, 190 F.3d 673, 676 (5th Cir. 1999).

Taken together, the trial evidence was not so tenuous that the defendants' resulting convictions for conspiracy to transport undocumented aliens are shocking. *See Delgado*, 672 F.3d at 331. Moreover, the evidence supporting the defendants' conspiracy convictions also suffices to support their convictions for aiding and abetting the transport of an undocumented alien. *See United States v. Gonzales*, 121 F.3d 928, 936 (5th Cir. 1997), *overruled on other grounds*, *United States v. O'Brien*, 560 U.S. 218, 233 (2010); *United States v. Nolasco-Rosas*, 286 F.3d 762, 765–66 (5th Cir. 2002).

No. 15-40460

Accordingly, as to each defendant, the judgment of the district court is AFFIRMED.